# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-14-1011-HE |
| BREANNA L. BAILEY, ET AL., | ) ) | |
| Defendants. | ) | |

## ORDER

Defendants Breanna Bailey and Christopher K. Cooley have applied for disbursement of disputed insurance proceeds ($20,000.00) previously paid into this court by Plaintiff Sun Life Assurance of Canada ("Sun Life"). Defendants' application requests a division of that disbursement as follows: $15,000.00 to Breanna Bailey and $5,000.00 to Christopher Cooley. Sun Life objects to the extent the disbursement does not take into account its reasonable attorney's fees and costs. Sun Life previously moved for an award of attorney's fees in the amount of $8,029.35 plus costs of $449.20, and the court deferred ruling on that motion pending resolution of the defendants' dispute. Doc. No. 37. The court held a hearing on the application January 7, 2016, at which all parties appeared and arguments from counsel were heard.

Reimbursement of an interpleading plaintiff's litigation costs out of the interpleaded funds is recognized as a "common practice" and is an equitable matter within the discretion of the court. <u>Transamerica Premier Ins. Co. v. Growney</u>, No. 94-3396, 1995 WL 675368, at *1 (10th Cir. 1995) (unpublished decision). The rationale for the award is to cover the

expenses of a plaintiff who concedes liability in full and is disinterested but nonetheless facilitates the resolution of the dispute. *Id*. The rationale also takes into account that the "typically minor expense" incurred by the interpleader—filing the action, serving the parties, preparing relatively straightforward documentation, and the like—can be covered by the competing claimants out of the disputed funds. *Id*.

Although the lodestar calculation of attorney's fees[1] is generally an adequate starting point, the court may deviate from the lodestar method based on its evaluation of equitable considerations, particularly when the case has resolved without judicial determination of a prevailing party. Fed. Trade Comm'n v. Skybiz.com, 102 Fed. Appx. 649, 651–52 (10th Cir. 2004).

In this case, Sun Life based its fee calculation on the lodestar approach. Recognizing that the calculation may include overlap between the activities of Sun Life's primary counsel and its local counsel, the figure includes a 10% reduction.

The billing details submitted by Sun Life do not appear grossly unreasonable. However, they must be examined against the backdrop of the discrete amount of money at issue, $20,000.00, which is a relatively small sum. In some respects, the billing appears somewhat heavy.[2] There is also significant time included by both primary counsel and local

---

[1]*The lodestar approach is the product of multiplying an attorney's hourly billing rate by the number of hours worked on the case. Fed. Trade Comm'n v. Skybiz.com, 102 Fed. Appx. 649, 650 (10th Cir. 2004).*

[2]*For example, it includes an entry of 24 minutes (four tenths of an hour) to "review and analyze [the court's order] setting [a] scheduling conference."*

2

counsel reviewing the same documents and having discussions with each other, which would often be omitted when billing an actual client. Moreover, these instances add up through numerous minimal entries of three or four tenths of an hour to have a significant financial impact given the size and complexity of this case. The impact is likely even more than plaintiff's adjustment by 10% takes into account.

The court is most concerned, however, by the proportionality of the fees against the total disputed funds. *See* Sun Life Assurance Co. of Canada v. Grose, 466 F. Supp. 2d 714, 717 (W.D. Va. 2006) (considering the "small amount of the insurance proceeds" among factors supporting reduction of award of attorney's fees). The fees and costs requested by Sun Life total more than 40% of the life insurance proceeds at issue, which is not proportionate. Although there appears to be nothing unreasonable about Sun Life's conduct, such a large portion of the funds does not constitute the "typically minor expenses" that the claimants should be expected to bear in circumstances such as this case. A reduction in fees is also not inequitable towards Sun Life, as insurance companies must often bear the risk of competing claimants and the costs of locating beneficiaries.

Accordingly, the court concludes that plaintiff should recover its fees and costs in the amount of $2,500.00. The defendants' disbursements shall be reduced so as to preserve the relative ratios to which they originally agreed. Plaintiff's application for award of attorney's fees and costs [Doc. No. 28] is **GRANTED IN PART** in the amount of $2,500.00 plus any interest that has accrued on the disputed funds. Defendants' application for disbursement of funds [Doc. No. 35] is **GRANTED IN PART** as follows: $13,125.00 will be disbursed to

Breanna Bailey and $4,375.00 will be disbursed to Christopher K. Cooley. The clerk of court is authorized and directed to disburse the funds previously paid into court in this case as set out in this order. As no other issues remain for disposition, this case will be deemed dismissed upon disbursement of the funds.

**IT IS SO ORDERED**.

Dated this 8th day of January, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE